UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SERGIO MARTINES-RAMIRES,<br>Defendant. | Case No. 5:05-cr-00607-EJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**<br><br>Re: Dkt. Nos. 46, 48 |

On December 12, 2005, Defendant Sergio Martines-Ramires ("Defendant") pleaded guilty pursuant to a written plea agreement to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) ("Count 2"), one count of possession/use of a firearm during and in furtherance of the commission of another offense in violation of 18 U.S.C. § 924(c) ("Count 3"), and one count of illegal reentry following deportation in violation of 18 U.S.C. § 1326 ("Count 7").  Defendant was thereafter sentenced to consecutive custodial terms of 168 months for Counts 2 and 7 and 60 months for Count 3, for a total term of 228 months followed by five years of supervised release.  Judgment was entered accordingly on October 12, 2006.

Presently before the court are Defendant's motions for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10 based on Amendment 782.  Dkt. Nos. 46, 48. Relying on a portion of the Statement of Reasons that issued after the pronouncement of sentence, Defendant argues he is entitled to a reduction because his adjusted offense level was 32 and his criminal history category was IV.

Defendant's position is misplaced because it is belied by the sentencing record.  As the

Government points out, the plea agreement and the Government's Sentencing Memorandum show that both the parties and Probation agreed that Defendant's adjusted offense level was 33 and his criminal history category was V. The court concurred at the sentencing hearing. Tr., Oct. 2, 2006, at 18:22-19:2 ("And the Defendant for purposes of sentencing as to those groups is entitled to a three level reduction for acceptance of responsibility so that the offense level for purposes of sentencing in counts seven and count two is, is 33."); 19:3-17 ("I will accept for purposes of sentencing the recommendation of the probation officer that the court use for purposes of criminal history category four. I'm going to depart from that . . . . to treat him with some leniency and so I'm going to find that criminal history category five overrepresents the actual criminal history and treat him as for sentencing purposes in category four . . . ."). But for reasons the court explained, it ultimately departed one level further under 18 U.S.C. § 3553(a) to an offense level of 32 and utilized a range based on criminal history category IV to set Defendant's sentence on Counts 2 and 7 at 168 months followed by a 60-month term on Count 3.

The Statement of Reasons is, for the most part, reflective of the court's statements at the sentencing hearing. First, the box at § I(A) is marked, which states: "The court adopts the presentence investigation report without change." Also listed at § III is an imprisonment range of 210 to 262 months for Counts 2 and 7, which corresponds to an offense level of 33 and criminal history category of V. In addition, the court marked three boxes in § VI(C) under the heading "Reason(s) for Sentence Outside the Advisory Guidelines System."

While it is true the Statement of Reasons provides at § III that Defendant's total offense level was 32 and his criminal history category was IV, and states that the sentence imposed was "within an advisory guideline range," the court concludes based on the totality of the record that these portions of the Statement of Reasons are erroneous. Indeed, a pre-departure total offense level of 32 and criminal history category of IV are each inconsistent with the sentencing documents, the hearing transcript, and the imprisonment range that immediately follows that statement on the form. Moreover, had the court calculated the sentence as Defendant proposes, it would not have needed to justify a sentence outside of the advisory range by marking the boxes in

§ VI(C).

Having reviewed the record in conjunction with Defendant's motion, the court finds that Defendant's original offense level was 33 and that he fell into criminal history category V. The two-point reduction mandated by Amendment 782 results in an amended offense level of 31, which corresponds to a sentencing range of 168 to 210 months at criminal history category V. Because Defendant's sentence on Counts 2 and 7[1] are at the minimum of the amended guideline range, he is not eligible for a further reduction under § 3582(c)(2). See § 1B1.10(b)(2)(A) (except in case involving substantial assistance, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ."). Accordingly, Defendant's motions are DENIED.

**IT IS SO ORDERED.**

Dated: February 11, 2016

_____
EDWARD J. DAVILA
United States District Judge

---

[1] The 60-month sentence for Count 3 is outside the purview of Amendment 782 because it was imposed based on 18 U.S.C. § 924(c)(1)(D)(ii), which requires that it be consecutive to any other sentence. See § 1B1.10, Appl. Note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (d) is applicable to the defendant but the amendment does not the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision . . . .").