UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARTINES-RAMIRES,<br><br>Defendant. | Case No. 5:05-cr-00607-EJD-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**<br><br>Re: Dkt. Nos. 60, 61 |

Before the Court is Defendant Sergio Martines-Ramires's ("Defendant") motion under 28 U.S.C. § 2255 to reduce his sentence. 28 U.S.C. § 2255 Mot. for Reduction of Sentence ("Mot."), Dkt. No. 61.[1] On January 26, 2021, the Government filed its opposition to Defendant's motion. *See* Government's Opposition to Def's Mot. Pursuant to 28 U.S.C. § 2255 ("Opp'n"), Dkt. No. 64. Plaintiff did not file a reply. For the foregoing reasons, Defendant's motion is **DENIED**.

I.   **BACKGROUND**

On September 8, 2005, a complaint was filed alleging that Defendant possessed for sale 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii). *See* Complaint Dkt. No. 1. On September 21, 2005, an indictment was filed with new charges against Defendant, including

---

[1] Defendant also filed a document titled "Request for Immediate Release, 28 U.S.C. § 2255." *See* Dkt. No. 60. Defendant raises the same argument as in his motion for reduction, *i.e.* that the Court must correct his sentence based on the Supreme Court's ruling in *United States v. Davis* 139 S. Ct. 2319 (2019). As such, the Court's Order addresses Defendant's separate filing and request as well.
Case No.: 5:05-cr-00607-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
1

1  distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii)
2  (Count 1); possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§
3  841(a)(1) and 841(b)(1)(A) (Count 2); possession/use of a firearm during and in furtherance of the
4  commission of another offense in violation of 18 U.S.C. § 924(c) (Count 3); felon in possession of
5  a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (Count 4); possession with intent
6  to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii)
7  (Count 5); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 6).
8  Indictment, Dkt. No. 11.  A superseding Indictment followed, which added three new charges:
9  illegal reentry under 8 U.S.C. §1326 (Count 7); alien in possession of a firearm and ammunition
10 (Count 8); and alien in possession of a firearm (Count 9).  *See generally* Superseding Indictment,
11 Dkt. No. 14.

12       Thereafter, Defendant entered a guilty plea pursuant to a written plea agreement.  *See* Plea
13 Agreement, Dkt. No. 18.  Defendant agreed and acknowledged that his "decision to plead guilty
14 [was] made voluntarily, and no one coerced [him] or threatened [him] to enter into [the]
15 agreement."  *Id*.  Defendant also agreed that in exchange for the Government's promises, he would
16 not "file any collateral attack to [his] convictions or sentence, including a petition under 28 U.S.C.
17 [§] 2255."  *Id*. at 5.

18       Defendant plead guilty to three counts of the Superseding Indictment: (a) possession with
19 intent to distribute methamphetamine (Count 2); (b) possession/use of a firearm during and in
20 furtherance of commission of another offense (Count 3); and (c) illegal reentry (Count 7).
21 Pleading Agreement at 2-3.  With respect to Count 3, Defendant acknowledged that he
22 "committed the drug trafficking crime as charged in Count [2]," "knowingly carried or possessed a
23 firearm," and that he "carried or possessed the firearm during and in relation to the crime as
24 charged in Count [2]."  *Id*. at 2.  On October 2, 2006, Defendant received a sentence of 168
25 months concurrent time on Counts 2 and 7 and 60 months on Count 3 (the 924(c) charge), to run
26 consecutively, *i.e.*, 228 months in total.

1    Defendant now files the instant motion, arguing that his offenses were not "crimes of

2  violence" under *United States v. Davis*, 139 S. Ct. 2319 (2019). Mot. at 16-17. Specifically,

3  Defendant contends that because his possession of a firearm in relation to Count 2 did not

4  constitute a "crime of violence," the Court must now correct his sentence. *Id.* Additionally,

5  Defendant argues the Court is obligated to correct his sentencing after the Supreme Court

6  concluded in *Davis* that "the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally

7  vague." *Id.* at 2.

## II.  LEGAL STANDARD

The Court may "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a petitioner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## III.  DISCUSSION

### A.  Waiver

As a preliminary matter, the Government contends that the motion should be dismissed because Defendant waived his right to collaterally attack his sentence, including a petition under 28 U.S.C. § 2255. *See* Plea Agreement at 5. A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence pursuant to 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *See United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that, by entering a plea agreement whereby defendant waived

Case No.: 5:05-cr-00607-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

3

1  right to appeal his sentence, defendant relinquished his right to attack his sentence directly or

2  collaterally on the ground of newly discovered exculpatory evidence). But the scope of a § 2255

3  waiver may be subject to potential limitations. For example, a waiver might be ineffective where

4  the sentence imposed is not in accordance with the negotiated agreement or violates the law. *See*

5  *id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997).

6      If Defendant were to prevail on his claim that he was sentenced under unconstitutionally

7  vague language, his sentence would be illegal and he would not be precluded from challenging his

8  sentence despite the waiver. As such, whether Defendant is barred from seeking collateral relief

9  rests on the merits of his claim.

10      **B.**    **18 U.S.C. § 924(c)(3)(B)**

11      The Court, having reviewed Defendant's motion, sees no good cause to correct his

12  sentence because his conviction remains valid even after *Davis* and the related Supreme Court

13  case *Johnson v. United States*, 576 U.S. 591 (2015). In *Johnson*, the Supreme Court held that the

14  residual clause in 18 U.S.C. § 924(e)(2)(B) (defining "violent felony") was unconstitutionally

15  vague. 576 U.S. at 597. The residual clause was later held to be a substantive rule that has

16  retroactive effect on cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265

17  (2016). Similarly, the Supreme Court invalidated the residual clause in 18 U.S.C. § 924(c)(3)(B)

18  which permitted enhanced penalties for certain offenses previously deemed "crimes of violence."

19  *Davis*, 139 S. Ct. at 2336. The Court's ruling in *Davis*, however, did not affect convictions

20  predicated on "drug trafficking crimes," as defined in 18 U.S.C. § 924(c)(2).

21      Here, it is undisputed that Defendant "carried or possessed a firearm during and in relation

22  to the possession and distribution of methamphetamine." *See* Plea Agreement at 2

23  (acknowledging carrying or possessing a firearm during and in relation to the crime as charged in

24  Count two: possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§

25  841(a)(1) and 841(b)(1)(A)). Therefore, Defendant's sentence for possessing the firearm was not

26  impacted by *Davis*, as *Davis* does not change the fact Defendant entered a guilty plea as to Count

27  Case No.: 5:05-cr-00607-EJD-1
28  ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

4

3 in part based on the "drug trafficking crime" provision in § 924(c), which remains good law. All *Davis* does is extend *Johnson's* rationale and invalidate a similar residual clause in defining "crime of violence" under § 924(c). *See Davis*, 139 S. Ct. at 2336. So long as the Court need not determine whether Defendant's conduct constituted a "crime of violence" or relied on the "crime of violence" prong of the statute, the definition for a "crime of violence" and its constitutionality, is irrelevant in Defendant's case. *See United States v. Espudo*, 768 F. App'x. 623, 625–26 (9th Cir. 2019) (concluding conviction was "legally permissible" where it was based on both a crime of violence and drug trafficking crime).

Accordingly, Defendant's sentence will remain unchanged.

### C. Certificate of Appealability

A petitioner may not appeal the denial of a § 2255 habeas petition unless he first receives a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons discussed above, Petitioner has not made a substantial showing of the denial of a constitutional right. The Court therefore sua sponte DENIES Petitioner a certificate of appealability.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Court also **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

Dated: October 18, 2021

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:05-cr-00607-EJD-1
ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE